51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lawrence W. ERWIN, Plaintiff/Appellant,
v.
JEROME FOODS, INCORPORATED, Defendant/Appellee.
 No. 94-3256.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 28, 1995.
Decided March 16, 1995.
 
 Before BAUER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lawrence Erwin filed this Title VII action against his former employer, Jerome Foods, Inc. (Jerome), alleging that his employment had been terminated in retaliation for complaining about what he perceived to be sexual harassment in his workplace. Such retaliation is made unlawful by 42 U.S.C. Sec. 2000e-3(a). The district court granted summary judgment in favor of Jerome. It concluded that the conduct about which Erwin complained, vulgar and abusive language by his supervisor, was neither prohibited under Title VII, nor could Erwin reasonably have believed that such conduct was prohibited. The issue in this case is whether there is a genuine issue of material fact with regard to whether Erwin reasonably believed that he was challenging conduct which violated Title VII. We hold that such a belief, even if held in good-faith by Erwin, is unreasonable in this case.
 
 I. Background
 
 2
 Jerome is a producer, processor, and marketer of turkey products. Lawrence Erwin was employed by Jerome as a process engineer. Erwin worked continuously from 1979 to 1992. In Erwin's work evaluations, his performance either met or exceeded expectations and he regularly received salary increases. However, in 1991, Erwin began having problems with his supervisor, Chuck Sexton. Sexton was allegedly loud, abusive, and vulgar. Sexton used sexually explicit language that was directed at both Erwin and his fellow employees.
 
 
 3
 The situation apparently came to a head on February 14, 1992. At that time, Erwin and Sexton were attempting to install new ovens at the Jerome facility. Their discussion became heated. Thereafter, Erwin offered to fight Sexton. After this, Sexton suggested they talk things over, which they did. The conversation concluded with Erwin remarking that he assumed their relationship would be adversarial from now on. Erwin admits that Sexton's language, although vulgar and offensive, was never directed at Erwin sexually, nor did Sexton make any sexual advances towards Erwin.
 
 
 4
 The altercation regarding the installation of ovens occurred on a Friday. The following Monday, Erwin received a memo from Sexton. The memo told Erwin that his offer to fight Sexton was unacceptable behavior. It also complained that Erwin was taking extended rest breaks. That same day, Erwin wrote a memo addressed to Chuck Sexton. Erwin's memo admitted that his threats to Sexton were unacceptable and that his rest breaks had gone over the time allowed. Additionally, Erwin's memo accused Sexton of crude and demeaning behavior: sexually explicit and abusive language, which Erwin found personally offensive. However, Erwin did not give the memo to Sexton, but took it to William Kelly, Sexton's supervisor and discussed it with him. Erwin alleges that Kelly asked "Are we talking about sexual harassment?" and Erwin, answering affirmatively, handed Kelly a copy of Jerome's sexual harassment policy. Erwin also met with Richard Pajula, vice president and Kelly's supervisor, to discuss the altercation. Pajula's notes from that meeting include an entry entitled "Sexual Harassment."[1] Pajula ordered an investigation. According to Pajula, the investigation concluded that Sexton occasionally used profane language, but not so pervasively as Erwin had claimed. Thereafter, Pajula, Kelly, and Richard Whitcomb, Director of Human Resources, met and decided to fire Erwin. Erwin was fired on March 2, 1992. In a memo from Kelly, Erwin was told that his termination was a result of Erwin being unable to function in the working environment at Jerome Foods.
 
 
 5
 Thereafter, Erwin brought this lawsuit, claiming that he was wrongfully fired in retaliation for complaining of conduct that he perceived to be in violation of Title VII. Jerome moved for summary judgment, which the district court granted. The district court found that Erwin had not established a prima facie case of retaliatory discharge. Specifically, the district court found that Erwin had not set forth evidence sufficient to show that he was engaged in statutorily protected expression, or that he reasonably believed that he was engaged in such expression. Erwin now appeals.
 
 II. Analysis
 
 6
 The district court's decision to grant summary judgment is reviewed de novo. Dey v. Colt Constr. & Development, 28 F.3d 1446, 1453 (7th Cir.1994). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In making this determination, the court must view the record and all inferences drawn from it in the light most favorable to the party opposing the motion. Cherry v. American Tel. & Tel. Co., No. 94-1535, slip op. at 6 (7th Cir. Feb. 8, 1995). "However, when the party opposing the motion bears the burden of proof on a particular issue, it cannot rest on its pleadings alone." Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir.1989) (citation omitted). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts ... [it] must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In Erwin's case, Erwin bears the burden of establishing a prima facie case of retaliatory discharge. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).[2]
 
 
 7
 Summary judgment is approached with special caution in discrimination cases. Holland, 883 F.2d at 1313. This is because credibility and intent are often crucial issues. Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir.1993). However, summary judgment is proper where the plaintiff presents no indication of motive or intent that supports his position. Holland, 883 F.2d at 1312 (citing Powers v. Dole, 782 F.2d 689, 694 (7th Cir.1986)).
 
 
 8
 Title VII makes it unlawful "for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. Sec. 2000e-3(a). To establish a prima facie case of retaliation, Erwin must show that (1) he was engaged in statutorily protected expression; (2) he suffered adverse action by Jerome; and (3) there is a causal link between the protected expression and the adverse action. Dey, 28 F.3d at 1457 (citation omitted). "[A]n employee may engage in statutorily protected expression under section 2000e-3(a), even if the challenged practice does not actually violate Title VII." Id. at 1457 (citations omitted). "Instead, it is sufficient if the plaintiff has a reasonable belief that [he] is challenging conduct in violation of Title VII." Holland, 883 F.2d at 1314. See Rucker v. Higher Educ. Aids Bd., 669 F.2d 1179, 1182 (7th Cir.1982) ("it is good faith and reasonableness, not the fact of discrimination, that is the critical inquiry in a retaliation case.").
 
 
 9
 Therefore, to establish the existence of protected expression, a plaintiff must satisfy two elements: that the belief was sincere; and that the belief was reasonable. See Holland 883 F.2d at 1315 (denying summary judgment where plaintiff's belief that the conduct she challenged was unlawful appeared both sincere and reasonable); Dey, 28 F.3d at 1458 (denying summary judgment where plaintiff held sincere and reasonable belief that her employer had acted in violation of the law). See also Rucker, 669 F.2d at 1182 ("The [mistaken belief] must, of course, be a sincere one; and presumably it must be reasonable ... for it seems unlikely that the framers of Title VII would have wanted to encourage the filing of utterly baseless charges by preventing employers from disciplining the employees who made them."). Thus, the issue in this case is whether Erwin held a sincere and reasonable belief that he was complaining of unlawful conduct.
 
 
 10
 Erwin asserts that he believed he was complaining about unlawful sexual harassment when he wrote a memo to his supervisors about the conduct of Chuck Sexton. This assertion is arguably supported by circumstantial evidence. However, Erwin's belief must also be reasonable.
 
 
 11
 Assuming that Erwin held a sincere belief that he was complaining of unlawful conduct, this belief was unreasonable. The Supreme Court has held "that a claim of 'hostile environment' sex discrimination is actionable under Title VII...." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 73 (1986).
 
 
 12
 Sexual harassment which creates a hostile or offensive working environment for members of one sex is every bit the arbitrary barrier to sexual equality at the workplace that racial harassment is to racial equality. Surely, a requirement that a man or woman run a gauntlet of sexual abuse in return for he privilege of being allowed to work and make a living can be as demeaning and disconcerting as the harshest of racial epithets.
 
 
 13
 Meritor, 477 U.S. at 67 (quoting Henson v. Dundee, 682 F.2d 897, 902 (11th Cir.1982)). However, "[f]or sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment." Id. (quoting Henson, 682 F.2d at 904). "Title VII addresses more than simply economic or tangible discrimination; it instead reaches the 'entire spectrum of disparate treatment of men and women in employment'...." Dey, 28 F.3d at 1453 (quoting Meritor, 477 U.S. at 64).
 
 
 14
 "The fact is, '[t]itle VII is not directed against unpleasantness per se, but only against discrimination in the conditions of employment.' " Koelsch v. Beltone Elecs. Co., No. 94-2506, slip op. at 5 (7th Cir. Feb. 6, 1995) (quoting Carr v. Allison Gas Turbine Div., Gen. Motors Corp., 32 F.3d 1007, 1009 (7th Cir.1994) (alteration in original)). "[W]hile there are still people in this country, male as well as female, who are deeply offended by dirty words, employers are not under a legal duty enforceable by suits under Title VII to purify the language of the workplace." Carr, 32 F.3d at 1007 (citing Rabidue v. Osceola Refining Co., 805 F.2d 611, 620-21 (6th Cir.1986), cert. denied, 481 U.S. 1041 (1987)). "[T]o prove a claim of abusive work environment premised upon sexual harassment, a plaintiff must demonstrate that she would not have been the object of harassment but for her sex." Rabidue, 805 F.2d at 620 (citing Henson, 682 F.2d at 904).
 
 
 15
 In light of the foregoing, Erwin's belief was unreasonable for two reasons. First, it appears well established that foul language in the workplace, without more, is not actionable under Title VII. Koelsch, slip op. at 5. Second, and more significantly, there is no discrimination, either alleged by Erwin or inherent in Sexton's language. Although Sexton's language was sexually explicit and vulgar, it was neither discriminatory, nor intended to harass Erwin because of his gender. See Meritor, 477 U.S. at 2405 ("a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment." (emphasis added)). Title VII makes it unlawful to "discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. Sec. 2000e-2(a)(1) (emphasis added). Because his supervisor's language was not discriminatory, Erwin's belief that he was challenging unlawful conduct was unreasonable.
 
 III. Conclusion
 
 16
 The district court granted summary judgment to Jerome because Erwin had failed to establish a prima facie case of retaliatory discharge. To establish a prima facie case, Erwin must show that he was engaged in statutorily protected expression. Erwin must show that he challenged conduct that is unlawful, or that he had a reasonable belief that it was unlawful. Erwin has shown neither. First, Erwin concedes that the abusive language would not constitute sexual harassment under Title VII. Second, Erwin could not have held a reasonable belief that such conduct constitutes sexual harassment because the conduct was neither discriminatory, nor directed at Erwin because of his gender. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The entry reads in full:
 Sexual Harassment --
 Larry showed me memo # 1 which expressed his concern about a conversation he and Chuck Sexton had. Basically, he was concerned about a discipline letter [ ] Chuck with Larry telling him that he was operating in an unacceptable way with Chuck by threatening to take him outside on a dispute--Larry did admit to saying this but after Chuck called him a "smart ass."--Larry also said that Chuck routinely said such things (with worse words) to other people--including Amy Anderson, Engineering Secretary.
 (R. exhibit I). Apparently Sexton also made offensive comments to an engineering secretary. However, Erwin is not arguing that he complained on her behalf, rather that he complained because he found the language offensive.
 
 
 [2]
 If Erwin successfully establishes a prima facie case, the burden would shift to Jerome to articulate a legitimate, nondiscriminatory reason for its challenged action. Once such a reason has been articulated, the burden would then shift back to the employee to show that the articulated reason is pretextual. Holland, 883 F.2d at 1313. See Texas Dep't of Community Affairs, 450 U.S. at 252-53. In Erwin's case, however, the district court determined that Erwin had failed to establish a prima facie case. Discussion, hence, will be limited to this issue